Case No. 24-3755

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

Terry Palmer,
Appellant

-v-

Department of The Air Force,
Appellee

Appeal from the United States District Court
for the Southern District of Ohio, Western Division

---

Reply Brief of Appellant
Terry Palmer

---

David M. Duwel
(Ohio Bar #0029583)
Attorney for Appellant Terry Palmer
130 W. Second Street, Suite 2101
Dayton, Ohio  45402
937.297-1154 phone
937.297-1152 fax
david@duwellaw.com

## INTRODUCTION

Appellant primarily relies on the statements and arguments set forth in his original brief filed herein. In his Reply Brief, Appellant will respond to some of the matters set forth in Appellee's Response Brief.

## ARGUMENT

**A.     Retaliation:** On October 6, 2017 while working for the Fighter Directorate, Appellant, an African American male, told two high level supervisors and his supervisor he was going to the EEO office to complain about allegations brought by a Caucasian female employee. Doc. 16-1, Page ID#200-201. At that time Appellant had been working for the Air Force for 32 years and at WPAFB for 21 years with no incidents of discipline or poor performance. Page ID#131, 138-141. Appellant enjoyed working in the Fighter Directorate. However, by the time he arrived back at his office from visiting with the EEO office, he was informed by management that he had been transferred to the Air Force Security Assistance and Cooperation Directorate (AFSAC). *Id*. at Page ID#202. Appellant actively opposed his reassignment to AFSAC because he believed that minorities were not treated well at AFSAC and AFSAC had a bad reputation among minority employees. *Id*. Page ID at 208, 217. Appellant believed the transfer to AFSAC was in retaliation for visiting the EEO office, only a few hours earlier (*Id*. at Page ID#224.) Notably, Appellee has never set forth a business reason for the transfer.

2

As stated in Appellant's initial brief herein, Appellant began to experience a continuous pattern of Caucasian female employees and supervisors charging him with inappropriate workplace behavior which, contrary to Appellee's arguments in its brief he denied and attempted to explain. However, in nearly all instances, his request to meet with Caucasian female supervisors and deciding officials about these allegations was denied.

Appellee, in its brief, has denied that the Agency created a hostile working environment and/or retaliated against Appellant but again has never offered no explanation as to why his request to sit down and discuss potential discipline, such as the written reprimand, five day suspension, issuance of AWOL and loss of paid sick leave totaling 360 hours followed by a notice of proposed removal, was never afforded him by the Caucasian female supervisors/deciding officials. As the Agency knows and has indicated in its Brief, in matters involving proposed disciplinary action, the federal employee is always provided due process in the form of having the right to provide a written reply to the charges as well as the right to make a verbal reply to the deciding official. Yet, Appellant was routinely denied the right to make a verbal reply. This can be viewed as the creation of a hostile work environment as well as retaliation for Appellant's EEO charges and his Congressional inquiry filed herein on 9/6/18, a month and a half prior to the 10/29/18 notice of proposed removal. *Id.* at Page ID#582. In its Brief, Appellee

3

mistakenly indicates that the Congressional inquiry occurred after the notice of proposed removal was issued.

A further example of the hostile working environment and retaliatory behavior can be seen in how the Agency handled Appellant's serious health condition he experienced starting August 8, 2018 with a visit to Urgent Care, which impacted both his mental health as well as his physical health. The medical condition required that Appellant stay off work for 2 ½ months. Notwithstanding that Appellant was clearly distressed, and depressed both mentally and physically, Appellant's female Caucasian supervisor began hammering him with requests for medical information. The parties do not dispute that Appellant provided notes from his health care providers during this time, but apparently did not utilize specific forms mandated by his manager. In a classic example of form over substance, the Agency decided to reverse previously granted paid sick leave and replace it with 360 hours of unpaid AWOL hours, which lead to another Caucasian female supervisor issuing Appellant a notice of proposed removal.

Appellant submits these actions in respect to a then thirty three year Air Force veteran were severe, pervasive and extremely hostile. Appellant was experiencing significant medical issues and the Agency elected to pile on at a time when he was extremely vulnerable and depressed. Clearly, the best procedure would have been to sit Appellant down, after he was cleared to return to work and

advise him why the Air Force forms needed to be completed by his health care providers. Had he refused to do so at that time, some level of discipline would be understandable. However, once again female Caucasian management refused to sit down and communicate. It is no wonder that Appellant elected at that point in time to retire as his entire thirty three year career had been destroyed in less than a year. Notably, the only supervisor who agreed to meet with Appellant and his attorney was Brigadier General Sean Farrell, a Caucasian male.

## CONCLUSION

Appellant has clearly established a strong inference that he was subjected to a hostile working environment based on his sex and race and that he was retaliated against due to his filing of EEO charges and a Congressional inquiry. Notwithstanding a plethora of legal citations to case law, Appellee cannot satisfactory explain at this stage of the legal proceedings, why Appellant was continuously denied due process by Caucasian female supervisors/deciding officials and why at a time he was experiencing severe mental and physical health issues, he was found to be AWOL simply because his healthcare providers did not fill out a form in the precise manner desired by the Agency. For these reason and the reasons asserted in Appellant's initial brief herein, this case should be returned to the District Court so that Appellant can present his claims to a jury of his peers.

Respectfully submitted,

/s/ David M. Duwel
Attorney for Appellant Terry Palmer
130 W. Second Street, Suite 2101
Dayton, Ohio  45402
937.297-1154 phone
937.297-1152 fax
david@duwellaw.com

## Certificate of Compliance

This reply brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this reply brief contains 1183 words including the parts of the reply brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii) and this reply brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this reply brief has been prepared in a proportionally spaced typeface using Microsoft Word and Times New Roman, 14 point font.

/s/ David M. Duwel
June 27, 2025

## Certificate of Service

It is hereby certified that a copy of the foregoing was filed on June 27, 2025 using the Court's electronic filing system which will notify Appellee's counsel of its filing and provide an electronic copy of this reply brief.

/s/ David M. Duwel